IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 4, 2020

## STATE OF TENNESSEE v. TONY LEVON JOHNSON, JR.

**Appeal from the Circuit Court for Madison County**
**No. 18-748-B          Donald H. Allen, Judge**

_____

### No. W2019-00738-CCA-R3-CD

_____

The Defendant, Tony Levon Johnson, Jr., was convicted by a Madison County jury of burglary of a vehicle, a Class E felony, and theft of property under $1,000, a Class A misdemeanor. The trial court sentenced him to an effective term of two years, with 240 days of "shock incarceration" in the Madison County Jail before release to Community Corrections. On appeal, the Defendant argues, and the State agrees, that the trial court erred in ordering a sentence of continuous confinement before release to Community Corrections. Because the Defendant's sentence of continuous confinement is prohibited by Tennessee Code Annotated section 40-35-122, we reverse the sentence of incarceration, modify the sentence to Community Corrections, and remand to the trial court for entry of judgments in accordance with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part, Reversed in Part, and Modified in Part**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J. and CAMILLE R. MCMULLEN, JJ., joined.

Gregory D. Gookin, Jackson, Tennessee (at trial and on appeal), for the appellant, Tony Levon Johnson, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The Defendant's convictions stem from his participation with co-defendants in rummaging through one vehicle and taking a wallet from another vehicle during the early morning hours of March 24, 2018 in Jackson. Immediately after the March 7, 2019 trial, a probation and parole officer testified that the Defendant had tested positive that day for THC and admitted that he had smoked marijuana within the past month.

At the April 22, 2019 sentencing hearing, the State introduced the Defendant's presentence report, which reflected that the nineteen-year-old Defendant had no prior criminal history, either as an adult or as a juvenile; had not graduated from high school; was employed at Sonic Restaurant at the time of his arrest; and reported that he first used alcohol at the age of eighteen but had not used in over a year and that he occasionally smoked marijuana.

The prosecutor and defense counsel agreed that the Defendant qualified as a non-violent property offender pursuant to Tennessee Code Annotated section 40-35-122. Defense counsel additionally pointed out that the Defendant was very young, had been in school at the time of the offenses, and had already served 46 days in jail due to his bond having been revoked on the day he tested positive for marijuana. Defense counsel, therefore, requested that the trial court release the Defendant from jail and place him under Community Corrections supervision.

In sentencing the Defendant, the trial court first noted that "vehicle burglaries [were] a serious problem" throughout the jurisdiction. The court then found that the Defendant had no prior criminal convictions but had a prior history of criminal behavior as evidenced by his admitted use of marijuana and use of alcohol while under the legal drinking age. The court gave minimal weight to the Defendant's alcohol use but great weight to his use of marijuana, with particular emphasis on the fact that the Defendant had used marijuana while on bond for the instant offenses. The court also heavily weighed as an enhancement factor that the Defendant was a leader in the commission of the offenses, which the court found applicable based on the Defendant's statement that he drove the vehicle that he and his co-defendants used during the night of the offenses as they made at least twenty stops at various locations to check for unlocked cars. Additional enhancement factors that the court found applicable were that there was more than one victim and that a firearm was found in the Defendant's vehicle at the time of his arrest. The court found as applicable mitigating factors the Defendant's youth, to which the court assigned great weight, and the Defendant's lack of prior criminal convictions, to which the court assigned minimal weight.

At the conclusion of the hearing, the court sentenced the Defendant as a Range I, standard offender to concurrent terms of two years for the felony vehicle burglary conviction and eleven months, twenty-nine days for the misdemeanor theft of property conviction. Finding that a sentence of full probation would unduly depreciate the seriousness of the offenses and that some period of confinement was particularly suited to provide an effective deterrent not only to the Defendant but also to others, the court ordered that the Defendant serve 240 days in the county jail before release on probation supervised by the Community Corrections Alternative Program. When asked by defense counsel whether the time was to be served on weekends rather than continuously, the trial court responded:

> Well, I'm going to let him serve it as stated. I think I cancelled his bond on March the 7th, so he'll just continue to be held until he's served this period of shock incarceration of 240 days. Of course, I'll let him serve that at 75 percent so that way he can earn some good behavior credits in our local jail assuming he behaves himself and then he can hopefully get released after serving 75 percent of the 240 days. I'm considering that a periodic confinement. It's not continuous confinement.

## ANALYSIS

On appeal, both the Defendant and the State submit that Tennessee Code Annotated section 40-35-122 prohibited the trial court from ordering the Defendant to serve the 240 day period of shock incarceration, which both view as a period of continuous confinement. We agree.

The trial court is granted broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and "sentences should be upheld so long as the statutory purposes and principles, along with any applicable enhancement and mitigating factors, have been properly addressed." State v. Bise, 380 S.W.3d 682, 706 (Tenn. 2012). Accordingly, we review a trial court's sentencing determinations under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." Id. at 707.

The trial court failed to recognize that the sentence of 240 days of "shock incarceration" was statutorily prohibited in the Defendant's case. Tennessee Code Annotated section 40-35-122 provides that a defendant who has been convicted of certain non-violent property offenses, and who has no prior criminal convictions and has not

- 3 -

violated the terms and conditions of the alternative sentence originally imposed on him, shall not be sentenced to continuous confinement:

> (a) Notwithstanding any law to the contrary, except as provided in subsection (b), the judge sentencing a defendant who commits a nonviolent property offense, as defined in subsection (c), on or after July 1, 2010, shall not be authorized to impose the sentencing alternatives of continuous confinement in a local jail or the department of correction as authorized by §40-35-104(c)(5), (c)(6), or (c)(8). However, the judge may sentence the defendant to any of the other sentencing alternatives authorized by §40-35-104(c), which include, but are not limited to, periodic confinement, work release, community corrections, probation, or judicial diversion.

> (b)(1) A defendant convicted of an offense set out in subsection (c) may be sentenced to any of the sentencing alternatives authorized by §40-35-104(c), including a period of continuous confinement, if the sentencing judge determines the defendant:

>> (A) Has at least one (1) prior conviction at the time the subsection (c) offense is committed; or

>> (B) Violated the terms and conditions of the alternative sentence originally imposed upon the defendant pursuant to subsection (a).

Tenn. Code Ann. §40-35-122 (a)-(b)(1).

The Defendant's convictions are included in the list of eligible non-violent property offenses. See Tenn. Code Ann. §40-35-122 (c)(11), (18). Moreover, although the trial court was understandably concerned at the Defendant's inability to comply with the conditions of his release on bond, the Defendant's use of marijuana while on bond does not constitute a violation "of the terms and conditions of the alternative sentence originally imposed" such as to authorize the trial court's imposition of a period of continuous confinement.

As this court has previously observed, "[i]f section 40–35–122 applies, the trial court cannot order split confinement, where a defendant serves some time in continuous confinement and the remainder of the sentence on probation." State v. Sandra Kay Stutts, No. W2016-01681-CCA-R3-CD, 2018 WL 637943, at *5 (Tenn. Crim. App. Jan. 31, 2018) (citing State v. Devon Elliott Cruze, No. E2014–01847–CCA–R3–CD, 2015 WL 5064070, at *4 (Tenn. Crim. App. Aug. 27, 2015)).

- 4 -

We agree with the State that the trial court's having classified the 240 days of "shock incarceration" as "periodic confinement" does not alter the fact that it is, in reality, a period of continuous confinement followed by release to Community Corrections, which is not allowed by the statute. We, therefore, conclude that the trial court erred in ordering the 240 days of "shock incarceration." Accordingly, we reverse the order of incarceration and modify the sentence to Community Corrections.

## CONCLUSION

Based on the foregoing authorities and reasoning, we reverse the sentence of shock incarceration imposed by the trial court, modify the Defendant's sentence to Community Corrections, and remand for entry of judgments in accordance with this opinion.

_____
ALAN E. GLENN, JUDGE